## MRS. LOU SAILORS, Respondent, v. WESTCHESTER FIRE INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, June 14, 1915.

FIRE INSURANCE: Total Loss. The plaintiff sued to recover from the defendant $1500, as the three-fourths value of the face of a fire insurance policy on her furniture worth something over $2000, which was totally destroyed by fire. The adjuster agreed to pay her $1266.67, and she agreed to take it provided it was paid immediately. The adjuster then discovered the three-fourths clause in the policy and told her after she made up proof for $1266.67, that they could only pay her $950. This she refused to accept. *Held*, that since the evidence was conflicting it was for the jury to determine and their verdict is final.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*Fyke & Snider* and *W. O. Jackson* for appellant.

*H. E. Sheppard* and *Silvers & Silvers* for respondent.

TRIMBLE, J.—This is a suit upon a policy of fire insurance in the sum of $1500 on the furniture and contents of a hotel which burned, and the insured property was thereby totally destroyed.

The policy contained a clause saying the "company shall not be liable for a greater amount than three-fourths of the actual cash value of the property covered by this policy at the time of such loss."

When the adjuster called upon plaintiff after the fire, she submitted an account or inventory of what she had lost. This inventory showed that the property cost something over $2000 but, if we understand the record, did not say what the sound cash value was at the time of the fire. The adjuster took the inventory to the bank and went over it by himself and then told plaintiff the company would pay her $1266.67 in settlement right away. She agreed to take that amount in settlement of the claim on the understanding that she would be paid at once as soon as the agreement could be sent to the company. Thereupon the adjuster prepared a proof of loss for the insured to sign. No amount was inserted in this paper as the actual cash value of the property but only that the total amount claimed of the company under the policy was $1266.67 which was the amount Mrs. Sailors had agreed to accept in settlement of her claim. The plaintiff signed and swore to this document before a notary and the adjuster took possession of it.

Some time later in the day the adjuster came to Mrs. Sailors and told her he had found out that the policy contained a three-fourths value clause and he would have to reduce the amount to be paid her to $950. She protested and refused to agree to that.

The adjuster, however, having the proof of loss in his possession, took it to Kansas City with him, and, before sending it in to the company, he inserted in it, with a typewriter, a statement placing the sound value at $1266.67, and, erasing the amount which Mrs. Sailors had agreed to accept, placed it at $950. As thus changed, the proof of loss was sent to the company and a draft for $950 was mailed to her which she refused to accept. Thereupon she brought this suit.

The whole question is, did plaintiff agree with the adjuster that the actual cash value of the property at the time of the fire was $1266.67? If she did, then she is entitled to recover only $950. If she did not,

then as there was proof that the property was worth over $2000, she is entitled to recover the amount the jury found in her favor, to-wit, $1500.

The question whether the parties agreed in said proof of loss upon the actual cash value at the time of the fire was submitted to the jury, as was also the question whether the adjuster changed the figures therein and inserted a sum as the actual cash value with her consent, and the jury found for plaintiff.

There was ample evidence that the actual cash value was not stated in the proof of loss at the time it was signed and that it was inserted, and the amount claimed reduced to $950, after the proofs reached Kansas City. The notary who swore the plaintiff to the proof testified, as did the plaintiff, that the actual cash value was not stated therein at that time and that the amount claimed of the company was not at that time reduced to $950. In fact the adjuster admitted that he reduced this amount to $950 and inserted the typewritten figures after he got to Kansas City, but claims that it was done with Mrs. Sailors' consent given after he told her of the three-fourths value clause. She denies that she consented or agreed to this, however, so the best that can be claimed in appellant's behalf is that the evidence is conflicting as to whether the adjuster and Mrs. Sailors agreed upon the value.

If there is substantial evidence to support the jury's finding it must be accepted. We have carefully gone through the abstracts of record filed by both sides and are fully convinced that there is sufficient evidence to amply justify the jury in its finding. According to the jury's view the only agreement made between the adjuster and Mrs. Sailors was as to the amount to be paid her on an immediate settlement, and that, as this was agreed to, no agreement was made as to the actual cash value. Aside from the statements of the plaintiff in this regard, the inferences to be drawn

from the evidence are that no statement as to the actual cash value was made or thought to be necessary until after the proof of loss had been signed and the adjuster had discovered the three-fourths value clause. There was no conclusive showing that Mrs. Sailors then agreed that the adjuster should insert an amount agreed upon as the actual cash value, or that she would accept $950 instead of the amount offered in immediate settlement of her claim. The evidence on this being conflicting, it was wholly a jury question and their verdict is final. The judgment is, therefore, affirmed. All concur.